# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE RUSSELL CONYERS,<br><br>                 Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br><br>                 Respondent. | Case No. 19cv1320-BAS-AHG<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition is subject to dismissal without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to name a proper respondent, failed to allege exhaustion of state court remedies and failed to state a claim cognizable on federal habeas.

## **FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee or submit a request to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis.

## **FAILURE TO NAME A PROPER RESPONDENT**

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing

1

19cv1320

Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has named the United States District Court as Respondent. In order for this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Secretary of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

**EXHAUSTION OF STATE COURT REMEDIES**

Federal habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or

more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995), reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Petitioner states that he has presented his claims only to the state superior court (ECF No. 1 at 5-8, 3-14), and there is no indication that he has presented his claims to the state supreme court. If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving a claim has been exhausted lies with Petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>Id.</u>

Here, Petitioner challenges the denial by the state superior court of his petition for a modification of his sentence under Senate Bill 1393, which provides discretion to trial

3
19cv1320

courts to strike or dismiss in the interests of justice prior serious or violent felony convictions used to enhance sentences. (ECF No. 1 at 3, 13-14.) Petitioner claims the state court erred in refusing to strike his two five-year enhancements, apparently on the basis that the court refused to recognize that his robbery convictions are nonviolent offenses, but in no way does he claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although he includes citations to federal cases providing guidance in determining whether certain state crimes are considered violent crimes within the meaning of federal statutes (see ECF No. 1 at 3, 12), his state court petition for resentencing was denied because he was not eligible for relief since his conviction was final prior to enactment of Senate Bill 1393 (id. at 13-14), and he does not indicate why, or if, he contends he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2019).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th

Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.") However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## **CONCLUSION AND ORDER**

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to name a proper respondent, failed to allege exhaustion of state judicial remedies and failed to state a cognizable federal claim. To have this case reopened, Petitioner must either pay the filing fee or submit an application to proceed in forma pauperis **and** file a First Amended Petition that cures the pleading deficiencies set forth above **no later than December 2, 2019**.

The Court notes that Petitioner is currently proceeding with a habeas petition in this Court in So.Dist.Ca. Civil Case No. 18cv0085-JLS (KSC), in which he challenges the state court conviction upon which the sentence he petitioned the state court to modify is based, the denial of which he challenges in this action, and which is currently stayed pending exhaustion of state court remedies. See Order filed 1/29/18 [ECF No. 18] in So.Dist.Ca. Civil Case No. 18cv0085-JLS (KSC). Petitioner currently has pending a motion to amend in that case, see Motion to Amend filed 8/16/19 [ECF No. 21] in So.Dist.Ca. Civil Case No. 18cv0085-JLS (KSC), in which he seeks to include a claim which, like the one raised here, was unexhausted when he filed his federal petition in that case. Compare id. at 6-9 with Pet. filed 1/12/18 [ECF No. 1] at 6-9 in So.Dist.Ca. Civil Case No. 18cv0085-JLS (KSC). Rather than file an amended petition in this case, Petitioner may seek leave to amend or supplement his petition in that first case to include the claim raised here which
///

apparently rose after he initiated the first case and, like the claim he seeks to amend to add in the first case, was not exhausted at the time he filed that first petition.

**IT IS SO ORDERED.**

**DATED: October 2, 2019**

Hon. Cynthia Bashant
United States District Judge